IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

v.

CAMERON REDMAN,

Defendant.

Case No. 1:24-MJ-155

## CONSENT MOTION TO EXTEND TIME FOR INDICTMENT

The United States of America, by and through its attorneys, and with the consent of the defendant and defendant's counsel, respectfully move the Court to extend the time to indict this case through and including May 29, 2025. In support thereof, the United States states as follows:

1. The defendant was charged pursuant to a sealed criminal complaint with two counts of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; one count of wire fraud in violation of 18 U.S.C. § 1343; one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and one count of conspiracy to commit aggravated identity theft in violation of 18 U.S.C. § 371. The defendant was arrested by Portuguese authorities in or around December 2024 in Portugal. The defendant consented to extradition from Portugal. On or about March 19, 2025, the defendant arrived in the United States. On or about March 20, 2025, the defendant made his initial appearance in the Eastern District of Virginia, and the defendant was ordered detained. A preliminary hearing and detention hearing are scheduled for March 31, 2025.

2. While in Portugal, the defendant represented to the U.S. government through an attorney that he was interested in pleading guilty. However, the parties were not able to engage in formal plea negotiations until the defendant arrived in the District.

3. Upon arriving in the District, the defendant retained a new attorney, Mr. Stuart Sears, to represent him locally. Mr. Sears had not previously had the opportunity to speak with the defenadant prior to his arrival.

4. The Speedy Trial Act requires that the defendant be indicted within thirty days of the defendant's arrest after subtracting all excludable time. A conservative estimate of the indictment deadline is April 18, 2025. The parties jointly request an extension of 41 days—to and including May 29, 2025—for an extension of the time to indict. Extending this time period would be in the best interests of justice in that it would give the defendant time to meet with defense counsel, review discovery, and discuss possible resolutions of the case, including the possibility of a pre-indictment plea. A 30-day extension would extend the time to indict to a week when the grand jury is not sitting and when the prosecutor on the case expects to be out of the country. A slightly longer extension of 41 days avoids these conflicts.

5. The defendant hereby agrees to waive any objections under the Speedy Trial Act and to extend the government's time to file an indictment in this case through and including May 29, 2025. The waiver is made knowingly, intentionally, and voluntarily by the defendant, and with full knowledge of the provisions of the Speedy Trial Act, Title 18, United States Code, Sections 3161, *et seq.*, and with the advice and consent of counsel.

6. The defendant expressly understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in

this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by this waiver.

WHEREFORE, the United States requests that the time to indict this case be extended to and including May 29, 2025, and that the delay resulting from this extension be excluded in computing the time within which an indictment must be filed pursuant to Title 18, United States Code, Section 3161(h).

Respectfully submitted,

Erik S. Siebert
United States Attorney

Date: March 25, 2025      By: _____/s/_____
                              Zoe Bedell
                              Assistant United States Attorney

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant=s right to be charged by indictment within 30 days of arrest. Specifically, I have reviewed the terms and conditions of Title 18, United States Code, Section 3161(b), and I have fully explained to the defendant the provisions that may apply in this case. The defendant has informed me that he agrees to an extension of time to be charged by indictment, and the defendant has expressly authorized me to agree to an extension of time to be charged by indictment. To my knowledge, the defendant=s decision to agree to an extension of time to be charged by indictment is an informed and voluntary one.

Date: March 31, 2025      _____
                          Stuart Sears
                          Counsel for the Defendant