IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CAMERON REDMAN<br><br>*Defendant.* | Crim. No. 1:24-mj-155 |

**PROTECTIVE ORDER**

    This matter comes before the Court upon the Motion for Entry of a Stipulated Protective Order (hereinafter, the "Order") by the United States with the consent of the defendant Cameron Redman ("defendant"), pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a). The Order seeks to prevent the unauthorized disclosure or dissemination of discovery provided by the government in this case, including information relating to the privacy of victims and third parties.

    The Court finds good cause to institute a protective order to regulate discovery in this case, as provided in Fed. R. Crim. P. 16(d) and **HEREBY ORDERS**:

    1.    All of the materials and information provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Order and may be used by the defendants and defense counsel (herein defined as counsel of record and any attorney, paralegal, investigator, translator, litigation support personnel, and secretarial staff employed by defense counsel, and who is assigned to assist in the preparation of the defense) solely in connection with the defense of this criminal case, and for no

other purpose, and in connection with no other proceeding, without further order of this Court. The materials include all information provided by the United States in connection with discovery, regardless of form, and includes information provided physically, electronically, or orally.

      2.      Neither the defendant nor defense counsel may disclose the materials or their contents directly or indirectly to any person or entity other than an authorized person as defined in this paragraph and under the circumstances described in this Order. Authorized persons shall be limited to: (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; (d) codefendants and codefendants' counsel; and (e) other persons to whom the Court may authorize disclosure. Additionally, defense counsel may disclose materials relating only to the defendant, including recordings of the defendant's statements or copies of the defendant appearing in surveillance footage, to members of the defendant's immediate family. The defendant and defense counsel are *not* authorized to disclose any government reports, Jencks Act material, or grand jury material to any members of the defendant's family.

      3.      Defense counsel, the defendant, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defense counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. Authorized persons may be shown copies of the materials as necessary to prepare the defense but may not retain copies without prior permission of the Court.

      4.      Defense counsel, the defendant, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than

to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. A copy of this Order shall be kept with printed copies of the materials at all times. An electronic copy of this Order shall be available for review on any database housing the materials.

7. At the request of the government and consistent with the ethical responsibilities of defense counsel, all <u>Jencks</u> Act, <u>Giglio</u> materials and reproductions thereof shall be returned to the United States Attorney's Office forthwith at the conclusion of the litigation of the case.

8. To the extent any material is produced by the government to defense counsel by mistake, the government shall have the right to the return of such material and shall request any such return in writing. Within five days of the receipt of a request to return such materials, defense counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored. Defense counsel shall have the right to file an objection with the Court to the return of any such material if such material is discoverable in this case.

9. The restrictions set forth in this section of the Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as

described below, shall be filed under seal and, if necessary, with other handling caveats, to the extent necessary to protect such information, absent prior permission from this Court.

## Protected Material

10. Certain materials to be disclosed by the government contain particularly sensitive information, including information relating to other investigations and personal identifying and confidential information, such as victims' names, dates of birth, social security numbers, physical addresses, phone numbers, financial information, and other individually identifiable information (hereinafter, "Protected Material"). Where Protected Material is produced electronically on disc or external drive, the government shall provide these items to defense counsel in a password-protected or encrypted format. Although only the physical disc or drive (and not the individual electronic files) must be labeled "PROTECTED MATERIAL," Paragraphs 10 to 18 only apply to the individual items that contain personal identifying or confidential information. Discovery labeled as PROTECTED MATERIAL will be treated as such and subject to the terms of this Order unless and until, with respect to any particular item or category of discovery, either (a) the parties agree otherwise; or (b) upon motion of the defendant, the Court determines that the government has not established good cause for application of this Order to the discovery at issue.

11. In the first instance, disclosure of Protected Material shall be limited to the defendant and defense counsel, as defined above. If the defendant and defense counsel believe it necessary to disclose Protected Material to additional parties—including but not limited to (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; and (d) codefendants' counsel—defense counsel may make such a disclosure but must (1) provide the parties with a

copy of this Order; and (2) obtain a certification from the parties that he or she has read, understands, and agrees to the terms of this Order and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of this Court.

12. Except for defense counsel and the defendant, no person is permitted at any time to inspect or review Protected Material outside of the offices of defense counsel without prior permission from this Court, unless the Protected Material is encrypted when transmitted to an authorized person described in paragraph 11 who has assented to the terms of this Order and the material is only viewed by that person in a private location. When an authorized person other than the defendant or defense counsel reviews Protected Material at defense counsel's offices, the defense counsel or a designated and identified employee of defense counsel must accompany that person at all times while he or she is reviewing the Protected Material, unless otherwise authorized by this Court.

13. The defendant is permitted to inspect or review Protected Material outside of the offices of defense counsel without prior permission from this Court. However, defense counsel or a designated and identified employee of defense counsel must accompany the defendant at all times while they are reviewing Protected Material, unless otherwise authorized by this Court.

14. Neither the defendant, nor defense counsel, nor any authorized person shall copy or reproduce Protected Material except to provide copies of the materials for use by the defendants or defense counsel in connection with this criminal case. Copies and reproductions shall be treated in the same manner as the original Protected Material, as described herein. Authorized persons may not copy or reproduce Protected Material and may not retain any copies of Protected Material.

15. Neither the defendant, nor defense counsel, nor any authorized person shall disclose any notes or records of any kind that they make in relation to the contents of Protected Material, other than to authorized persons and only in the manner described herein. All such notes or records are to be treated in the same manner as the original materials.

16. Protected Material shall not be copied or reproduced without prior permission from this Court, except that the defendants and defense counsel may make copies for use exclusively by defense counsel in connection with this criminal case. Protected Material shall be maintained in a locked room at defense counsel's offices when they are not in use and must be secured in an encrypted format or in a locked room if held by an authorized person.

17. Absent prior permission from the Court, Protected Material and the content of Protected Material shall not be included in any public filing with the Court, and instead shall be submitted under seal or, where appropriate, redacted in accordance with Federal Rule of Criminal Procedure 49.1 and Local Criminal Rule 47.

18. Nothing in this Order shall restrict use by the defense of Protected Material during the defense's investigation of the allegations and preparation of his defenses or introduction as evidence at trial, except that the defense will notify the government prior to trial of any Protected Material that it wishes to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary.

19. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

**IT IS SO ORDERED**.

Date: _____        _____
Alexandria, Virginia                 Hon. William P. Porter
                                     United States Magistrate Judge